Ninth Circuit Court of Appeals No. 23-1439
District Court Number CR 22-139-BLG-SPW

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

-vs-

JAREN MICHAEL STENNERSON,
Defendant-Appellant.
_____

SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

HONORABLE SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE, PRESIDING

RACHEL JULAGAY
Federal Defender, District of Montana
*GILLIAN E. GOSCH
*STEVEN C. BABCOCK
Assistant Federal Defender's
Federal Defenders of Montana
175 North 27th Street, Suite 401
Billings, MT 59802
(406) 259-2459
   *Counsel for Petitioner-Appellant

SUBMITTED: August 16, 2024.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

I.     ARGUMENT ............................................................................................4

     A.  *United States v. Rahimi,* 602 U.S. \_\_\_\_ (2024) strengthens Stennerson's argument that 18 U.S.C. § 922(g)(3) is unconstitutional both facially and as applied to Stennerson ................................................................4

     B.  *United States v. Rahimi*, 602 U.S. \_\_\_\_ (2024) strengthens Stennerson's argument that 18 U.S.C. § 922(n) is unconstitutional both facially and as applied to Stennerson ................................................................7

CERTIFICATE OF COMPLIANCE .................................................................10

CERTIFICATE OF SERVICE ..........................................................................11

## Table of Authorities

### Cases

*New York State Rifle & Pistol Association Inc., v. Bruen*
    597 U.S. 1 (2022)..................................................................................4, 8

*United States v. Rahimi*
    602 U.S.___ (2024) ................................................................................ 4 - 8

*United States v. Salerno*
    481 U.S. 739, 745 (1987) ..…………………………………………….7

*United States v. Duarte, aka Shorty*,
    101 F.4th 657 ...............................................................................................8

*United States v. Heller*,
    554 U.S. at 632, 128 S.Ct. 2783 ..................................................................5

### United State Code

18 U.S.C. § 922(g)(3) ..................................................................................... 4 - 8
18 U.S.C.§ 922(g)(8) ...................................................................................... 6 - 7
18 U.S.C.§ 922(n) .......................................................................................... 7 - 9

Ninth Circuit Court of Appeals No. 23-1439
District Court Number CR 22-139-BLG-SPW

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

-vs-

JAREN MICHAEL STENNERSON,
Defendant-Appellant.
_____

SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT
_____

I. ARGUMENT

A. United States v. Rahimi 602 U.S.___ (2024). strengthens Stennerson's argument that 18 U.S.C.§ 922(g)(3) is unconstitutional both facially and as applied to Stennerson.

In *Rahimi*, the Supreme Court held that when an individual had been found to be a credible threat to the physical safety of another, that individual may be temporarily disarmed consistent with the Second Amendment- thus clarifying aspects of the court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022). The court went on to state that the "appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Rahimi,* (citing) *Bruen* at 597

4

U.S., 26-31. Thus, "a court must ascertain whether the new law is "relatively similar" to laws that our tradition is understood to permit." *Id*. "Why and how the regulation burdens the right are central to this inquiry." *Id*. "For example, if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category or regulations." *Id*. "And when a challenged regulation does not precisely match its historical precursors, "it still may be analogous enough to pass constitutional muster. *Id*.

Stennerson has maintained both a facial and as applied challenge to 922 (g)(3). As noted in Appellant's Opening Brief (O.B. Doc. 7) there is relatively little support using even modern analogues as a basis to disarm citizens. The few founding era analogues available for scrutiny are narrow in their application.[1] None of these laws disarmed regular users of intoxicants, only those presently under the influence, thus

---

[1] In 1771 New York banned drinking on New Years Eve and for several days after. *United States v. Heller,* 554 U.S. at 632, 128 S.Ct. 2783 (quoting CH. 1501, 5 Colonial Laws of New York 244-46 (1894)) See also *Rahimi*. A 1746 New Jersey law that disarmed soldiers who "appear[ed] in Arms disguised in Liquor*." Acts of the General Assembly of the Province of New Jersey 303* (Samuel Nevill ed. 1752); 1655 Virginia law prohibiting "shoot[ing] any gunns at drinkeing," except at marriage or funerals. Acts of Mar. 10, 1655, Act 12*, reprinted in 1 The Statutes at Large: Being a Collection of All the Laws of Virginia, From the First Session of the Legislature in the Year 1619*, 401-402 (William Waller Henning ed., 1823). (See also, *United States v. Youngblood*, Mont. Dist. Crt. Case No. CR-24-22-M-DWM; Defendant's Reply Brief, ECF. No. 23, pg. 9).

there is no historical tradition of disarming every person who ingests an intoxicant. Part of the difficulty in identifying "relatively similar" analogues lies in the struggle to identify who is in the class of citizens that the term "unlawful user" includes. The lack of a temporal limit additionally complicates the analysis of who is in or out of the class. The law as applied runs the risk of including even a casual user of alcohol, illegal drugs, prescription drugs, medical marijuana etc., in the vague phrase "unlawful user." It is the Government's burden to provide any "relatively similar" analogues that justify disarming regular "unlawful users" of intoxicants and the historical analogues that exist do not support the disarming of persons like Stennerson who have not committed violent crimes and who have not shown themselves to be a threat to the safety of others.

*Rahimi* made it clear that only after a finding by a court that a person was a *credible threat* that they may be *temporarily* disarmed. By contrast, Section 922(g)(3) does not provide notice, have temporal limits in its application nor does it require a judicial finding prior to disarmament that a person is dangerous. Instead, the application of section 922(g)(3) is limitless and the class it applies to is undefined making it impossible for Stennerson or any citizen to know if they are included in the class of people to be disarmed because they are not afforded the same protection as 922 (g)(8) provides pursuant to *Rahimi*. Stennerson and others charged with being an "unlawful user" certainly deserve the same limits or controls provided under 922

(g)(8) so as to provide them equal protection under the law. Therefore, as applied to Stennerson, 922(g)(3) is unconstitutional.

The Supreme Court spoke to *Rahimi's* facial challenge to section 922 (g)(8) stating that his facial challenge "requires him to establish that no set of circumstances exists under which the Act would be valid." *Rahimi* (citing) *United States v. Salerno*, 481 U.S. 739, 745. Given the temporal restrictions and finding of dangerousness prior to disarming an individual under section 922 (g)(8) section 922 (g)(3) stands in stark contrast. As noted above, the protections afforded under 922 (g)(8), should be extended to those individuals the Government deems dangerous due to use of intoxicants to provide them equal protection. Because 922 (g)(3) currently does not require a prior finding of credible threat by a court nor has temporal limitations in place as described by *Rahimi*, those individuals charged under 922 (g)(3) are not on equal footing with those charged under 922 (g)(8). Thus, 922 (g)(3) is unconstitutional on its face.

**B.     United States v. Rahimi, 602 U.S. __ (2024), strengthens Stennerson's argument that 18 U.S.C. 922 (n) is unconstitutional both facially and as applied to Stennerson.**

To establish an as applied challenge, Stennerson must show that the application of the statute to the facts of his case violates his constitutional rights. At the time Stennerson received the firearm, he was under indictment for two non-violent felony offenses- burglary and drug possession. The court in *Rahimi*, talks

7

at length about the history of surety laws and going armed laws and their applicability to the *Bruen* analysis – ultimately stating that, "Taken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id*. Like 922 (g)(3), 922 (n) has no mechanism for a court to make a prior determination that a person presents as a credible threat to trigger disarmament. Section 922 (n) is a blanket disarmament of all persons who have been indicted even if the indicted charge is non-violent.[2] Although there is a temporal limitation inherent in 922 (n), that being either a finding of guilty which would impose a lifelong ban on gun possession or an acquittal/dismissal which would lift the ban on gun possession, that doesn't address the rules set forth in *Bruen* and *Rahimi* that a person be deemed a credible threat prior to disarmament. Being accused of a crime does not necessarily make a person dangerous- especially if the underlying conduct is nonviolent in nature. The indicted charges in Stennerson were non-violent in nature and no determination was made that

---

[2] *United States v. Duarte, aka Shorty,* 101 F.4th 657, holding that a person who had been convicted of an offense punishable by imprisonment for a term exceeding one year, as applied to nonviolent felon, was not part of the historical tradition that delimited outer bounds of Second Amendment right to keep and bear arms. Rehearing en banc Granted, Vacated by *United States v. Duarte*, 9th Cir (Cal.) July 17, 2024.

Stennerson was a credible threat to another person. Therefore, 922 (n) is unconstitutional on its face and as applied to Stennerson.

RESPECTFULLY SUBMITTED this 16th day of August, 2024

JAREN MICHAEL STENNERSON

By: /s/Gillian E. Gosch
GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant-Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Supplemental Brief of Defendant-Appellant is in compliance with Ninth Circuit Rule 32(a) and this Court's order for supplemental briefing. (Dkt. 27.) The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains less than words, including footnotes and quotations. (Total number of words:1,009, excluding tables and certificates).

DATED this 16th day of August 2024.

JAREN MICHAEL STENNERSON

By: /s/Gillian E. Gosch
GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant-Appellant

# CERTIFICATE OF SERVICE
## Fed.R.App.P.25

I hereby certify that on August 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

JAREN MICHAEL STENNERSON
c/o The Vegas Hotel
2612 Belknap Avenue, #126
Billings, MT 59101
    Defendant-Appellant

                                              /s/Gillian E. Gosch
                                              GILLIAN E. GOSCH
                                              Assistant Federal Defender
                                              Federal Defenders of Montana
                                                          Counsel for Defendant-Appellant