

**U.S. Department of Justice**

*United States Attorney*
*District of Montana*

---

**Timothy A. Tatarka**          **2601 Second Avenue North, Box 3200**          **406-657-6101**
**Assistant U.S. Attorney**      **Billings, Montana 59101**

September 23, 2024

Molly C. Dwyer
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

      RE:   *United States v. Jaren Michael Stennerson*, No. 23-1439

Dear Ms. Dwyer:

      Appellee respectfully submits this citation of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

      Earlier this month, this Court handed down *Wolford v. Lopez*, __ F.4th __, 2024 WL 4097462 (9th Cir. 2024), addressing regulations prohibiting the carrying of firearms into places serving intoxicating liquor. In finding the statutes constitutional, the Court noted that "in a long line of regulations dating back to the colonial era, colonies, states, and cities have regulated in ways reflecting their understanding that firearms and intoxicants are a dangerous mix." *Id.* at *16; *see id.* (collecting exemplary regulations "prohibit[ing] retailors of liquor from keeping gunpowder," "prohibit[ing] carrying firearms while intoxicated," and "prohibit[ing] the sale of liquor within five miles of a training exercise for the militia"). The Court concluded that "from before the Founding and continuing throughout the Nation's history, governments have regulated in order to mitigate the dangers of mixing alcohol and firearms. We are not aware of any dispute as to the constitutionality of the laws just listed or any similar law." *Id.*

      Relatedly, although not new, the government would recommend the Court's attention to *Atwater v. City of Lago Vista*, 532 U.S. 318, 337 (2001), which identifies multiple founding era statutes providing for warrantless arrest of individuals for drunkenness. These statutes are relevant because "persons accused of a crime, upon their arrest, have constantly been divested of their arms" without question. *United States v. Perez-Garcia*, 96 F.4th 1166, 1183 (9th Cir. 2024) (citation omitted);

September 23, 2024
Page 2

*see also United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024) (noting that temporary disarmament is a lesser restriction than imprisonment).

These statutes relate to the nation's tradition of restrictions regulating the dangerous combination of firearms and intoxicants detailed in the government's briefing. Gov't. Br. at 31-33, 44-45.

Sincerely,

JESSE LASLOVICH
United States Attorney

*/s/ Timothy A. Tatarka*
TIMOTHY A. TATARKA
Assistant U.S. Attorney